**ROSENBLUM v. MARINELLO.**

No. 184.

Circuit Court of Appeals, Second Circuit.

Feb. 19, 1943.

Harold D. Toomey, of Mt. Vernon, N. Y. (Frank H. Connelly, Jr., of Mt. Vernon, N. Y., of counsel), for appellant.

Ivan S. Skura, of White Plains, N. Y., for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

Following an accident on July 7, 1940, in which an automobile driven by the bankrupt was involved, he was threatened with personal injury actions. He then had on deposit in a savings bank account the sum of $3,274.93, the accumulation of some eighteen years of saving. Between July 16th and 29th, 1940, he drew out this entire sum and admits that his purpose in doing so was to prevent its being reached by Patsy Luonga, a passenger in his automobile who was injured in the accident. Luonga's action was started August 15, 1940 and judgment was recovered against the bankrupt on March 7, 1942. On the same date two other persons injured in the accident also obtained judgments against him. After the judgments were recovered he was examined in supplementary proceedings and was jailed on a body execution. The following day, March 19, 1942, he filed a voluntary petition in bankruptcy, scheduling no assets and listing the three judgment creditors as his only creditors. Thereafter a trustee in bankruptcy was appointed and the present proceeding was initiated before the referee to compel the bankrupt to turn over the money withdrawn from his savings account in July, 1940. The bankrupt, his wife and his brother were called as witnesses by the trustee. Their story was that the bankrupt had lost large sums in gambling and had spent the rest of the money before the judgments were recovered. The referee did not credit the explanation, found that the bankrupt was still in possession of the "moneys so fraudulently withdrawn," and ordered their surrender to the trustee. The district court confirmed the referee's order.

The question presented on appeal is whether the proof is sufficient to support the finding that the bankrupt had possession of the money on the date of the referee's order, November 19, 1942, more than twenty-seven months after it was withdrawn from

the bank. It is urged that none of the cases relied on by the trustee has recognized the presumption of continued possession for so lengthy a period. But the inference that the bankrupt has not dissipated the money is supported by much more than the mere presumption of continued possession. His admitted purpose in withdrawing it was to conceal it from creditors and his habits of thrift and saving over many years make unlikely any rash spending of the money; there was no change in his circumstances calling for any unusual expenditure which could not be met out of current income, for his wages continued and were even increased; and his wholly incredible and inconsistent explanations of how he had disposed of the money tend to support the inference that he is still concealing it. The district judge carefully analyzed the evidence and the law. We are satisfied with his conclusions. To the authorities cited in his opinion may be added the recent decision of this court in Seligson v. Goldsmith, 2 Cir., 128 F.2d 977.

Order affirmed.