134

## In re WORLD CIGAR CO., Inc.
### No. 37311.

District Court, E. D. New York.
March 8, 1943.

Benjamin Rosen, of New York City (Harry Malter, of New York City, of counsel), for the motion.

Henry Krinsky, of New York City, for respondents Samuel Canin, Jr., and Joseph Hurwitz, opposed.

BYERS, District Judge.

Trustee's motion to reverse Referee's order denying turnover against Samuel Canin, Jr., and Joseph Hurwitz, the sole and equal stockholders of the bankrupt, and its president and treasurer.

The Referee has made findings and conclusions which must be accepted unless clearly erroneous. I regard the Fourth finding of fact and the First conclusion of law to be just that; the former is in part: "The books are of no aid to the trustee because they were not accurately kept. For example"; there follows an instance in which the source of a disbursement of $450 is not disclosed.

However lacking in completeness the books may have been, they were kept under the supervision of these individuals, by a bookkeeper whose name and whereabouts they professed not to know, and to the extent that the records contained entries they constituted admissions against those who caused them to be made, i.e., the president and treasurer of this corporation. Compared with the schedules, they revealed an apparent shortage of merchandise of over $14,000 in the last six months of the bankrupt's business, and an apparent discrepancy in accounts receivable in the same period of about $22,000. To say that the books are of no aid to the trustee, is not only to ignore the entries but to disregard entirely the failure of these persons to offer any proof whatever tending to establish that the books were not the authentic records they purported to be.

The only testimony that was submitted in opposition to the trustee's case, except categorical denials of possession of any of the corporate property, was to the effect that each of the persons named, following institution of the turnover proceedings, had voluntarily become a bankrupt; this expedient, their attorney professes to believe, is a complete demonstration of their present inability to comply with a turnover order. It is not necessary to assent to that proposition, to agree with the Referee's opinion that the property or avails in question have not been traced to the possession of these persons, from which a continuance thereof might be presumed, until the contrary is shown. The requirements in such a case have been most recently discussed in Rosenblum v. Marinello, 2 Cir., 133 F.2d 674, decided February 19, 1943, and Seligson v. Goldsmith, 2 Cir., 128 F.2d 977, which in turn collates the cases.

This record, which is too long and tedious, is consistent with a manipulation

of the bankrupt's merchandise and receivables for which no adequate or other explanation has been given; it is fair to infer that, if such took place, it was not for the benefit of any stranger. But to go further, and say that it is possible to point to any specific property or money that came into the hands of these two individuals or either of them, to the necessary detriment of their creditors, is to assert that which cannot be fortified by any reference to the testimony or the exhibits as therein described.

The trustee's attorney was confronted with the necessity for making bricks without straw, and is not to be criticized for the inevitable outcome of the effort, however much one may suspect why the straw was inaccessible.

Motion denied. Settle order.